# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3382

_____

United States of America,        *
                                 *
                    Appellee,    *    Appeal from the United States
                                 *    District Court for the
        v.                       *    District of Minnesota
                                 *
Sergio Trujillo-Perez,           *    [UNPUBLISHED]
                                 *
                    Appellant.   *

_____

Submitted:  March 13, 2001

Filed:  June 8, 2001

_____

Before MURPHY, LAY, and BYE, Circuit Judges.

_____

PER CURIAM.

The appellant, Sergio Trujillo-Perez, was convicted by a jury of one count of conspiracy to distribute and possess with intent to distribute methamphetamine (meth)[1] and one count of aiding and abetting the possession with intent to distribute meth.[2] On

_____

[1]21 U.S.C. §§ 846, 841(a)(1).

[2]21 U.S.C. § 841(a)(1).

appeal, Trujillo-Perez argues the district court[3] erred by: (1) denying his motion to suppress his prior incriminating statements; (2) denying his motion to strike out-of-court statements by his alleged co-conspirators; and (3) denying his motion for judgment of acquittal based on the sufficiency of the evidence. Finding no error, we affirm.

Prior to trial, Trujillo-Perez filed a motion to suppress incriminating statements that he made to Minneapolis police officers during the first of two searches of his apartment. As the police were executing the first search warrant, they saw Trujillo-Perez leaving in his vehicle. The police detained him in their squad car while they searched his apartment. The police found only trace residue of cocaine on a gram scale. Officer Louis Porras testified that the officers then told Trujillo-Perez that he "was not under arrest . . . was not going to jail." At that point, Trujillo-Perez's concerns shifted from the police to his landlord, and he became worried he would be evicted from his apartment. Trujillo-Perez asked the officers if there was anything they could do for him to help him keep the lease, and he offered to help them by identifying his narcotics sources.

The district court found that Trujillo-Perez's statements were voluntarily made, and therefore were admissible. Although the police officers did not read him his <u>Miranda</u> warnings, the Supreme Court has made clear that volunteered statements do not require any warning. <u>See</u> <u>Rhode Island v. Innis</u>, 446 U.S. 291, 301 (1980). Here, Trujillo-Perez practically insisted on incriminating himself even after the police officers told him he was not being arrested. We believe the district court's factual findings were not clearly erroneous, and that the district court was correct in determining that Trujillo-Perez's statements were made voluntarily. <u>United States v. Makes Room For Them</u>, 49 F.3d 410, 414 (8th Cir. 1995).

---

[3]The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota.

Trujillo-Perez also contends the district court should have stricken the testimony of Victor Delgado because portions of his testimony referred to out-of-court statements by his alleged co-conspirators. The government argues these statements were admissible under the co-conspirator exception of Fed. R. Evid. 801(d)(2)(E). For such statements to be admissible under Rule 801(d)(2)(E), the government must prove by a preponderance of the evidence that: (1) a conspiracy existed; (2) the declarants were co-conspirators of the defendant; and (3) the statements were made during the course of and in furtherance of the conspiracy. See Bourjaily v. United States, 483 U.S. 171, 175-176 (1987). We conclude that there was sufficient evidence to establish the existence of a methamphetamine conspiracy involving Trujillo-Perez and the declarants, and that the drug delivery statements were obviously made in furtherance of the conspiracy. Accordingly, the district court acted well within its discretion in not striking these statements. See United States v. Mitchell, 31 F.3d 628, 632 (8th Cir. 1994).

Trujillo-Perez also argues the district court erred by not granting his motion for judgment of acquittal based on the sufficiency of the evidence. In considering a sufficiency challenge, "we view the evidence presented in the light most favorable to the government, and uphold the verdict if there is substantial evidence to support it." United States v. Boyd, 180 F.3d 967, 978 (8th Cir. 1999). Here, the government presented the testimony of the police officers who seized 4.5 ounces of meth near Trujillo-Perez's bed, along with a gram scale and drug-related notes. In addition, it was reasonable for the jury to infer that the meeting that Trujillo-Perez facilitated at his apartment was for the purpose of conducting a meth transaction. Moreover, the police officers who conducted the first search testified as to the incriminating statements Trujillo-Perez made to them. In short, the evidence was more than sufficient for the jury to convict him.

Accordingly, we affirm the judgment of the district court in all respects.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.